UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CHARLES SPANGLER, JR.,

       Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

Hon. Ellen S. Carmody

Case No. 1:17-cv-547

# OPINION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**.

# STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social

security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 43 years of age on his alleged disability onset date. (PageID.169). He possesses an eighth grade education and previously worked as a fence installer and palletizer. (PageID.54, 67). Plaintiff applied for benefits on December 5, 2013, alleging that he had been disabled October 10, 2012, due to carpal tunnel syndrome, torn shoulder tendons, and chronic obstructive pulmonary disease (COPD). (PageID.169-70, 211). Plaintiff's applications were denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). (PageID.102-65). On December 7, 2015, Plaintiff appeared before ALJ Martha Gasparovich with testimony being offered by Plaintiff and a vocational expert. (PageID.61-100). In a written decision dated March 30, 2016, the ALJ determined that Plaintiff was not disabled. (PageID.45-56). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (PageID.32-36). Plaintiff subsequently initiated this appeal pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffered from: (1) status post right shoulder subacromial decompression and biceps tenodesis; (2) left shoulder impingement syndrome; (3) left supraspinatus tendon tear; and (4) chronic obstructive pulmonary disease (COPD), severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.47-48). With respect to Plaintiff's residual

---

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

functional capacity, the ALJ determined that Plaintiff retained the capacity to perform light work subject to the following limitations: (1) he cannot perform work at or above shoulder level; (2) he requires a clean air environment free from concentrated levels of dust, fumes, gases, chemicals, and other airborne irritants; and (3) is unable to perform work that requires independent reading or writing. (PageID.48).

The ALJ found that Plaintiff was unable to perform his past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, his limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform specific jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert reported that there existed approximately 1,430,000 jobs in the national economy which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (PageID.278-79). This represents a significant number of jobs. *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed

5

'significant'"). Accordingly, the ALJ concluded that Plaintiff was not entitled to disability benefits.

I.       **The ALJ's Assessment of Plaintiff's Reading Ability**

Plaintiff has challenged only one aspect of the ALJ's decision, the assessment of his reading ability. As discussed below, Plaintiff's arguments are unavailing.

On October 29, 2015, Lisa Gromaski administered to Plaintiff the Woodcock Johnson Reading and Spelling Tests and the Gray Oral Reading Test. (PageID.262). Based on Plaintiff's performance, Ms. Gromaski determined the following: (1) Plaintiff's "word recognition and word attack skills" were at a 6.0 grade level; (2) Plaintiff's spelling skills were at a 2.9 grade level; and (3) Plaintiff's reading comprehension was at a 1.7 grade level. (PageID.262). The ALJ afforded "little weight" to Ms. Gromaski's opinions on two grounds: (1) Gromaski is not an acceptable medical source; and (2) Gromaski's "assessment is not consistent with the record as a whole." (PageID.53-54).

Plaintiff first argues that the ALJ erred by characterizing Ms. Gromaski as an unacceptable medical source. The relevant regulations define acceptable medical sources as: (1) licensed physicians; (2) licensed or certified psychologists; (3) licensed optometrists; (4) licensed podiatrists; and (5) licensed or fully-certified speech-language pathologists. 20 C.F.R. § 404.1513(a), 416.913(a). There is no evidence in the record that Ms. Gromaski satisfies any of these criteria. In fact, Ms. Gromaski provided a sworn statement in which she acknowledged that she was not academically trained to assess individual's reading or cognitive abilities. (PageID.579-90). Gromaski stated that she learned to administer and interpret the tests in question by "work[ing] with somebody else that was on staff here that had the testing background."

6

(PageID.582). Gromaski, however, provided no specifics regarding the nature or duration of her on-the-job training, the credentials or qualifications of the person with whom she worked, or whether she has ever undergone any assessment concerning her ability or qualifications to administer and/or interpret the testing which she administered to Plaintiff. In sum, the ALJ's conclusion that Ms. Gromaski is not an acceptable medical source is supported by substantial evidence.

Despite her conclusion that Ms. Gromaski was not an acceptable medical source, the ALJ nevertheless assessed the substance of Gromaski's opinions, concluding that such were "not consistent with the record as a whole." (PageID.53-54). As the ALJ concluded, the record contains no evidence suggesting that Plaintiff experiences illiteracy to the extent Gromaski alleged. Plaintiff was able to complete, on his own, a multi-page report concerning his activities. (PageID.224-31). Moreover, the record does not contain any other opinions or test results suggesting that Plaintiff's reading or cognitive ability is impaired to the extent alleged. As for whether Plaintiff's ability to comprehend verbal instructions was impaired, Gromaski stated, "it's hard for me to say because I did not test him in that capacity." (PageID.588). The ALJ observed, however, that Plaintiff's work history demonstrates that he is able to comprehend and follow verbal instructions. (PageID.54). In sum, the ALJ's decision to afford little weight to Ms. Gromaski's opinions is supported by substantial evidence. Furthermore, any error by the ALJ in the assessment of Ms. Gromaski's opinions is harmless because the ALJ's RFC expressly provides that Plaintiff cannot perform work that requires reading or writing.

Finally, Plaintiff argues that the ALJ's finding at Step V of the sequential evaluation process is unsupported by the evidence. While the ALJ may satisfy her burden through the use

of hypothetical questions posed to a vocational expert, such questions must accurately portray Plaintiff's physical and mental impairments. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 150 (6th Cir. 1996). The hypothetical question which the ALJ posed to the vocational expert simply asked whether there existed jobs which an individual could perform consistent with Plaintiff's RFC, to which the vocational expert indicated that there existed in the national economy more than one million such jobs. The ALJ's RFC determination is supported by substantial evidence and there was nothing improper or incomplete about the hypothetical questions the ALJ posed to the vocational expert. The Court concludes, therefore, that the ALJ properly relied upon the vocational expert's testimony.

## **CONCLUSION**

For the reasons articulated herein, the Court concludes that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**. A judgment consistent with this opinion will enter.


Date: June 18, 2018 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge